UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                                                          **Case No: 5:14-cv-279-Oc-22PRL**

**STEVEN HALBERSTADT**

    **Defendant.**

### REPORT AND RECOMMENDATION[1]

In this student loan default case, Plaintiff, the United States, moves this Court to grant summary judgment pursuant to Federal Rule of Civil Procedure 56 and enter judgment against Defendant, who is proceeding pro se, in the amount of $5,412.73. (Doc. 14). Although Defendant has filed a response (Doc. 19), I submit that he has not created an issue of fact sufficient to preclude judgment against him. Accordingly, I recommend that the Government's motion be **GRANTED**.

    **I.**    **Background**

Defendant obtained a student loan from The National Bank of Wareham (Wareham, MA) in the amount of $1,400 for the cost of his education. (Doc. 14, p. 9). The loan obligation was guaranteed by MHEAC and then reinsured under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

682) (Doc. 14, p. 1). Pursuant to the promissory note Defendant executed, Defendant defaulted on his payment obligation on March 13, 1976, at which time it became due and owing.[2] *Id.* The holder demanded payment according to the terms of the promissory note, and credited $50.72 to the principal owed on the loan. *Id.* A total of $550 in credits and/or payments has been applied to the account since the loan was assigned to the Department of Education. *Id.*

Plaintiff now moves for summary judgment on the grounds that it has met its prima facie burden and demonstrated that Defendant received the student loan and failed to repay it. (Doc. 14). Further, Plaintiff asserts that Defendant has failed to produce evidence to support his affirmative defense that the debt was previously discharged in bankruptcy.

Defendant contests summary judgment on the grounds that the bankruptcy court discharged his student loan in 1978.[3] (Doc. 19, p. 2). Defendant claims that although he has made multiple attempts to obtain documentation proving the discharge of the loan, all of the files have been destroyed. *Id.* at 3. First, a letter from the Deputy Clerk of the U.S. Bankruptcy Court in Norfolk, Virginia states that Defendant's case file was archived in 1978, saved for 15 years, and subsequently destroyed.[4] *Id.* at 6. The clerk enclosed a copy of the court's records for proof of the filing, which states that the petition was filed on <u>August 14, 1978</u> and that discharge was granted on <u>October 13, 1978</u>. *Id.* at 7. Second, Defendant states that the attorney who

---

[2] The promissory note provides that: "This note shall, at the option of the holder, become due and payable without notice or demand upon the occurrence of … (c) the maker default[ing] in the repayment of any loan guaranteed by Massachusetts Higher Education Assistance Corporation, and the default remains uncollected after reasonable notice to the maker …." (Doc. 14, p. 9).

[3] Defendant claims he filed for bankruptcy in 1974, which appears to be an error in the Answer. Defendant submitted documents from the bankruptcy court which state Defendant filed for bankruptcy on August 14, 1978.

[4] Defendant claims the records were destroyed about 1996 by the U.S. government. If the records were archived in 1978 and destroyed 15 years later, they were destroyed in approximately 1993. Thus, a factual disparity–though not material–exists between Defendant's Answer and his exhibit. (Doc. 8, p. 3-4).

- 3 -

represented him in bankruptcy court has retired and destroyed the documents related to his case. *Id.* Third, Defendant asserts that his personal files were destroyed after his father's death. *Id.* Finally, Defendant attaches as "Attach F" a letter dated September 13, 2005 from the U.S. Department of Education, Office of the Ombudsman. *Id.* at 12. In the letter, a Collections Customer Care Team member informed Defendant that "since DCS [U.S. Department of Education, Debt Collection Services] could not obtain the document to substantiate a bankruptcy discharge, [his] loan will not be discharged due to bankruptcy." *Id.*

To support his claim, Defendant also provides an affidavit from Irma Appleton. *Id.* at 5. Defendant claims that Ms. Appleton put him in touch with his bankruptcy lawyer and that she attended the bankruptcy hearing in which the judge discharged all of his financial obligations, including his student loan. *Id.* at 3. In her affidavit, Ms. Appleton attests that she went to the Norfolk bankruptcy court and heard the judge "grant this bankruptcy." *Id.* at 5.

## II. Legal Standard

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. All the evidence and factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1280 (11th Cir. 2004). Once

a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 323–24.

To establish a prima facie case for a claim to recover on a promissory note, "the government must show (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default." *United States v. Calzon*, No. 08–23045–CIV, 2009 WL 1585983, at *3 (S.D. Fla. June 4, 2009) (quoting *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001)). The United States can establish these elements by producing "the promissory note and a certificate of indebtedness signed under penalty of perjury by a loan analyst." *Guillermety v. Sec'y of Educ.*, 341 F.Supp.2d 682, 688 (E.D. Mich. 2003) (citations omitted). "Once such a prima facie case is established," the burden then shifts to the defendant to "prov[e] the nonexistence, extinguishment or variance in payment of the obligation." *United States v. Petroff–Kline*, 557 F.3d 285, 290 (6th Cir. 2009).

**III. Discussion**

Here, the Court agrees that Plaintiff has established its prima facie case for its claim to recover on the promissory note. The United States provides the promissory note, signed by Defendant (Doc. 14, p. 9), as well as a certificate of indebtedness, signed by a loan analyst. (Doc. 14, p. 5). Thus, under these circumstances, the government has established that it is entitled to collect on the note, and the burden now shifts to Defendant to produce evidence of the "nonexistence, extinguishment, or variance in payment" of the debt. *United States v. Ashanti*, 3:10CV42/MCR/EMT, 2010 WL 5510074, at *4 (N.D. Fla. Nov. 29, 2010) report and recommendation adopted, 3:10CV42/MCR/EMT, 2011 WL 31126 (N.D. Fla. Jan. 3, 2011); *see*

*also United States v. Petroff-Kline,* 557 F.3d 285, 290 (6th Cir. 2009); *United States v. Irby*, 517 F.2d 1042, 1043 (5th Cir. 1975); *United States v. Bilal*, 8:06-CV-190-T-17MSS, 2007 WL 2827511, at *2 (M.D. Fla. Sept. 26, 2007). Unfortunately for Defendant, he has not met his burden.

**A. Discharge Defense**

At the time Defendant filed for bankruptcy on August 14, 1978, Section 439A of the Higher Education Act governed the dischargeability of student loan debts.[5] Higher Education Act of 1965, 20 U.S.C. § 1087-3, repealed by Act of November 6, 1978, Pub. L. No. 95-598, § 317, 92 Stat. 2678.[6] *See also In re Broughton,* 6 B.R. 1011, 1014 (N.D. Ga. 1980). Under Section 439A of the Higher Education Act, student loans were nondischargeable in bankruptcy *unless* the debt had been due and owing more than five years prior to the filing of the bankruptcy petition. This time period could be avoided – or stated differently, a student loan could be discharged prior to the expiration of the five-year period – if the bankruptcy court determined that payment would impose an undue hardship on the debtor or his dependents.

The Court found one case (despite a good faith search) addressing whether a student loan had been discharged where Section 439A governed the bankruptcy petition, as it does here. *See*

---

[5] Section 439A of the Higher Education Act provided in pertinent part:
"(a) A debt which is a loan insured or guaranteed under the authority of this part may be released by a discharge in bankruptcy under the Bankruptcy Act only if such discharge is granted after the five-year period (exclusive of any applicable suspension of the repayment period) beginning on the date of commencement of the repayment period of such loan, except that prior to the expiration of that five-year period, such loan may be released only if the court in which the proceeding is pending determines that payment from future income or other wealth will impose an undue hardship on the debtor or his dependents.
  (b) Subsection (a) of this section shall be effective with respect to any proceedings begun under the Bankruptcy Act on or after September 30, 1977." 20 U.S.C. s 1087-3.

[6] Subsection (b) of the Act rendered Section 439A effective with respect to any proceeding begun under the Bankruptcy Act on or after September 30, 1977, but this provision was repealed on November 6, 1978, by Section 317 of the Bankruptcy Reform Act of 1978. *See* 92 Stat. 2678. Defendant's bankruptcy petition was filed and granted (October 13, 1978) during this time period.

*United States v. Bradburn*, 75 B.R. 108 (S.D. Ind. 1987). In that case, like this one, the government sought judgment on a student's defaulted loan, and the student argued that the debt had been discharged in bankruptcy. *Id.* at 109. In *Bradburn*, the court found for the government because it determined that the loan was nondischargeable, as it had not been due and owing for five years prior to the filing of the bankruptcy petition. *Id.*

I would submit, then, that exactly like the loan in *Bradburn*, the Defendant's loan here is, at a minimum, presumptively nondischargeable, as it, too, was not due and owing for five years prior to filing the bankruptcy petition—it appears the loan became due and owing on March 13, 1976 (Doc. 14, p. 1), and the bankruptcy petition was filed on August 14, 1978 and granted on October 13, 1978. (Doc. 19, p. 7).

While the court in *Bradburn* did not address the undue hardship exception to the five-year requirement, here no proof or evidence that the bankruptcy court made a finding of undue hardship is offered, even assuming there is admissible evidence to show (or create an issue of fact about) whether the student loan was part of the bankruptcy petition or intended to be part of a discharge. In other words, in this case Defendant's filings, including the Answer, Response to Motion for Summary Judgment, and supporting documentation, do not demonstrate that the bankruptcy court made a finding of undue hardship. Defendant repeatedly states that he does not have a copy of the bankruptcy court's order discharging his debts, and further claims that all copies have been destroyed. The copy of the bankruptcy record allegedly proving or establishing that Defendant filed for bankruptcy does not specify which of Defendant's debts were discharged, nor that the court made a finding of undue hardship. (Doc. 19, p. 7).

Similarly, Ms. Appleton's affidavit does not demonstrate that Defendant included the student loan in his bankruptcy petition, much less that the court made a finding of undue hardship

as a precursor to discharging the Defendant's student loan debt. The affidavit merely states that the judge granted the bankruptcy and said "it is against the law to ever pay on any of these items." (Doc. 19, p. 5)

In addition to its substantive deficiencies, the affidavit is arguably inadmissible hearsay under Federal Rule of Evidence 802. And, of course, Federal Rule of Civil Procedure 56(c)(4), provides that an affidavit used to support or oppose a motion must set out facts that would be admissible in evidence. Further, Defendant's statements in the pleadings that the bankruptcy court declared him absolved of his school loan obligations are conclusory allegations, insufficient to support the specific fact in question—that the bankruptcy court discharged the student loan, and did so after first finding an undue hardship. (Doc. 19, p. 2). Indeed, Defendant makes no argument – admissible or otherwise – that an undue hardship finding was made.

The burden to rebut the Government's prima facie case is on Defendant. He has not met it: he has not created an issue of fact as to whether the loan was discharged consistent with the requirements of Section 439A.

### B. Statute of Limitations Defense

In addition to his defense that his student loan was previously discharged in bankruptcy, Defendant argues that the statute of limitations preclude the Government's claim. There is, however, no statute of limitations that would bar the United States from filing an action for repayment of a defaulted student loan. *United States v. Newcombe*, 8:08-CV-2225-T-27EAJ, 2009 WL 1759587 (M.D. Fla. June 18, 2009) (citing 20 U.S.C. § 1091a; *United States v. Glockson*, 998 F.2d 896, 897 (11th Cir. 1993) (Congress eliminated all statutes of limitations for lawsuits by the United States to collect defaulted student loans, which applied retroactively and revived previously barred actions)). Thus, Defendant's attempt to raise this defense fails.

**C. Undue Hardship Defense**

Equally unavailing is Defendant's argument that undue hardship precludes the Government's claim now.  (Doc. 19, p. 3).

While an undue hardship argument may be made in a bankruptcy proceeding, it cannot serve as a defense to an otherwise collectable debt here: "Other than making an undue hardship argument under 11 U.S.C. § 523(8)[7] within an adversary proceeding before a U.S. bankruptcy court, this Court is unaware of any other common law or non-bankruptcy statutory law that provides a defense, exclusion, or exception that would relieve Defendant from liability under the Note."  *United States v. Hebert*, 8:07-CV-11-T-30EAJ, 2007 WL 2916394 (M.D. Fla. Oct. 5, 2007).

As discussed above, Defendant has not shown that a bankruptcy court has discharged his student loan debt pursuant to a finding of undue hardship under Section 439A.  In addition, similar to *Hebert*, Defendant seemingly has not made an undue hardship argument under 11 U.S.C. § 523(8) within an adversary proceeding before a U.S. bankruptcy court.  Instead, Defendant raises the defense of undue hardship here in the response to the Government's motion for summary judgment.  (Doc. 19, p. 3).  This defense is, therefore, unavailing here.

---

[7] This subsection excludes educational loans "unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor." 11 U.S.C. § 523(a)(8).

## IV. Conclusion

For the foregoing reasons, Defendant has not rebutted Plaintiff's prima facie case, and I recommend that the Government's motion be **GRANTED**.

Recommended in Ocala, Florida on September 18, 2014.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties