# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**UNITED STATES OF AMERICA,**

      Plaintiff,

v.                                              Case No:  5:14-cv-279-Oc-22PRL

**STEVEN HALBERSTADT,**

      Defendant.

_____/

## ORDER

This cause is before the Court for consideration of United States Magistrate Judge Philip R. Lammens' September 18, 2014 Report and Recommendation (the "R & R") (Doc. No. 20) pertaining to Plaintiff United States of America's (the "United States") Motion for Summary Judgment and Memorandum of Law, filed on June 27, 2014. (Doc. No. 14). Defendant Steven Halberstadt ("Defendant") filed a response in opposition to Defendant's summary judgment motion. (Doc. No. 19). However, neither party filed an objection to the R & R. For the reasons set forth below, the Court finds that a material issue of fact remains and sets this matter for trial.

## I. BACKGROUND[1,2]

On December 20, 1974, Defendant obtained a student loan from The National Bank of Wareham in the amount of $1,400.00 (the "Note"). *See* (Doc. No. 14 at pp. 9-10). The loan obligation was guaranteed by the Massachusetts Higher Education Assistance Corporation (the "MHEAC") and then reinsured under loan guaranty programs authorized under Title IV-B of the

---

[1] This background is largely taken from the R & R.

[2] The Court notes that the United States attached a "Statement of Undisputed Facts" to its motion for summary judgment "pursuant to Local Rule 7.5." (Doc. No. 14 at pp. 11-12). This Court has no such Local Rule. It does, however, appear that the Southern District of Florida used to have a "Local Rule 7.5" before the Southern District renumbered that rule in 2011 to "Local Rule 56.1." The undersigned expects more from attorneys practicing before this Court, especially when they are litigating against a *pro se* defendant.

Higher Education Act of 1965, as amended, 20 U.S.C. §§ 1071 *et seq.* (*Id.* at pp. 1, 9-10). On March 13, 1976, more than thirty-eight years ago, Defendant defaulted on his payment obligations under the Note. (*Id.* at p. 5). Upon default, the amount Defendant owed under the Note became due and owing. (*Id.* at p. 9).[3] After crediting $50.72 to the principal owed on the loan, the holder of the Note demanded payment from Defendant. (*Id.* at p. 5). At some point thereafter, the Note was assigned to the Department of Education. (*Id.*). Upon assignment, the Department of Education applied a total of $550.00 in credits and/or payments to the Note. (*Id.*).

The United States moves for summary judgment on the grounds that it has met its prima facie burden and demonstrated that Defendant received the student loan and failed to repay it. (*Id.* at pp. 1-4). Further, the United States asserts that Defendant has failed to produce evidence to support his affirmative defense that the debt was previously discharged in bankruptcy. (*Id.* at pp. 3-4). In response, Defendant contests summary judgment on the grounds that the bankruptcy court discharged his student loan in 1978. (Doc. No. 19 at pp. 2-3). Defendant claims that although he made multiple attempts to obtain documentation to show that the loan had been discharged, all of the files have been destroyed. (*Id.* at p. 3). First, Defendant presents a letter from the Deputy Clerk of the U.S. Bankruptcy Court in Norfolk, Virginia which states that Defendant's case file was archived in 1978, saved for 15 years, and subsequently destroyed. (*Id.* at p. 6).[4] The clerk enclosed a copy of the court's records for proof of the filing which show that Defendant filed his bankruptcy petition on August 14, 1978. (*Id.* at p. 7). This record further reflects that the bankruptcy court granted a discharge on October 13, 1978. (*Id.*). Second, Defendant states that the attorney who represented him in bankruptcy court has retired and destroyed the documents related to the case. (*Id.* at p. 3). Third, Defendant asserts that his

---

3 The Note states: "This note shall, at the option of the holder, become due and payable without notice or demand upon the occurrence of … (c) the maker default[ing] in the repayment of any loan guaranteed by [the "MHEAC"], and the default remains uncollected after reasonable notice to the maker . . . ." (Doc. No. 14 at p. 9).

4 Therefore, it appears that the files were destroyed sometime around 1993.

personal files were destroyed after his father's death. (*Id.*). Finally, Defendant attaches a letter, dated September 13, 2005, from the U.S. Department of Education, Office of the Ombudsman. (*Id.* at p. 12). In that letter, a "Collections Customer Care Team" member informed Defendant that "[s]ince [the U.S. Department of Education, Debt Collection Services] could not obtain the document to substantiate a bankruptcy discharge, [the] loan will not be discharged due to bankruptcy." (*Id.*).

Defendant also provides an affidavit from Irma Appleton. (*Id.* at p. 5). Defendant claims that Appleton put him in touch with his bankruptcy lawyer and that she attended the bankruptcy hearing in which the judge discharged all of his financial obligations, including his student loan. (*Id.* at p. 3). In her affidavit, Appleton attests that she went to the Norfolk bankruptcy court and heard the judge "grant[] this bankruptcy." (*Id.* at p. 5).

## II. LEGAL STANDARD

In the Eleventh Circuit, a district judge may accept, reject or modify a magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations. 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982), *cert. denied*, 459 U.S. 1112, 103 S.Ct. 744 (1983). A district judge must conduct a *de novo* review of the portions of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citing H.R. Rep. No. 94-1609, 94th Cong., 2nd Sess., *reprinted in* 1976 U.S. Code Cong. & Admin. News 6162, 6163). A district judge reviews legal conclusions *de novo*, even in the absence of an objection. *See Cooper–Houston v. Southern Ry.*, 37 F.3d 603, 604 (11th Cir. 1994).

## III. DISCUSSION

### A. The Magistrate Judge's Recommendations

The Magistrate Judge recommended that the United States' Motion for Summary Judgment be granted. *See* (Doc. No. 20). The Magistrate Judge found that the United States established its prima facie case for its claim to recover under the Note. (*Id.* at pp. 4-5). The Magistrate Judge further found that (a) Defendant failed to establish an issue of fact as to his defense that the loan was discharged in Defendant's bankruptcy, (b) Defendant's statute of limitations defense fails, and (c) Defendant's undue hardship argument does not preclude the United States' claim. (*Id.* at pp. 5-8). For the reasons discussed below, the Court respectfully declines to adopt the recommendation that Defendant has failed to show a disputed issue of fact as to his discharge defense. The Court, however, adopts the Magistrate Judge's R & R in all other respects.

### B. Defendant's Discharge Defense[5]

"The dischargeability of student loan debts scheduled on a bankruptcy petition is controlled by the law in effect when the petition in bankruptcy is filed." *United States. v. Bradburn*, 75 B.R. 108, 110 (Bankr. S.D. Ind. 1987) (citing *In re Kammerud,* 15 B.R. 1, 9 (Bankr. S.D. Ohio 1980)). On August 14, 1978, at the time Defendant filed for bankruptcy, "the dischargeability of student loan debts was governed by Section 439A of the Higher Education Act." *Bradburn*, 75 B.R. at 110 (citations omitted). Section 439A of the Higher Education Act provided in pertinent part:

> (a) A debt which is a loan insured or guaranteed under the authority of this part may be released by a discharge in bankruptcy under the Bankruptcy Act only if such discharge is granted after the five-year period (exclusive of any applicable suspension of the repayment period) beginning on the date of commencement of the repayment period of such loan, except that prior to the expiration of that five-year period, such loan may be released only if the court in which the proceeding is pending determines that payment from future income or other wealth will impose an undue hardship on the debtor or his dependents.

---

5 In evaluating the pending summary judgment motion, the Court remains cognizant of Defendant's *pro se* status. The Court construes *pro se* filings liberally and holds *pro se* litigants to a less-stringent standard than those represented by counsel. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).

>  (b) Subsection (a) of this section shall be effective with respect to any proceedings begun under the Bankruptcy Act on or after September 30, 1977.

20 U.S.C. § 1087-3 (1976), *repealed by* Act of November 6, 1978, Pub. L. No. 95–598, § 317, 92 Stat. 2678.

Therefore, as the Magistrate Judge succinctly stated, "Under Section 439A of the Higher Education Act, student loans were nondischargeable in bankruptcy *unless* the debt had been due and owing more than five years prior to the filing of the bankruptcy petition." (Doc. No. 20 at p. 5) (emphasis in original). "This time period could be avoided – or stated differently, a student loan could be discharged prior to the expiration of the five-year period – if the bankruptcy court determined that payment would impose an undue hardship on the debtor or his dependents." (*Id.*).

The Court finds that Defendant has presented a triable issue of fact on his discharge defense. Defendant asserts that the bankruptcy court discharged his student loan in 1978. (Doc. No. 19 at pp. 2-3). Defendant further presents an affidavit from Irma Appleton who attests that the bankruptcy court granted Defendant's bankruptcy petition. (*Id.* at p. 5). To be sure, Defendant has not come forward with specific evidence that his student loan was discharged under the "undue hardship" exception. However, it is undisputed that Defendant's bankruptcy petition was filed and granted within the time period when the undue hardship exception could be relied upon to discharge a student loan in bankruptcy.[6] Furthermore, it appears that Defendant's inability to produce relevant records is mostly due to the United States' extreme delay in seeking enforcement of the Note. Viewing the evidence and drawing all justifiable

---

6 As the Magistrate Judge noted, "Subsection (b) of the Act rendered Section 439A effective with respect to any proceeding begun under the Bankruptcy Act on or after September 30, 1977, but this provision was repealed on November 6, 1978, by Section 317 of the Bankruptcy Reform Act of 1978." (Doc. No. 20 at p. 5 n.6 (citations omitted)). Defendant filed his bankruptcy petition on August 14, 1978, which the bankruptcy court granted on October 13, 1978. Therefore, Defendant's bankruptcy clearly falls within the relevant time period before Congress repealed the undue hardship provision.

inferences therefrom in a light most favorable to Defendant, the Court finds that the evidence is sufficient for a fact-finder to conclude that Defendant's student loan was discharged in his bankruptcy some thirty-eight years ago.[7] Therefore, the United States' motion for summary judgment is denied.

### C. Appointment of a Lawyer for Trial

Defendant has indicated to the Court that his financial situation is grim. (Doc. No. 17 at pp. 2-3). Defendant also represents that he is unfamiliar with the "procedural and substantive aspects" of the court system. (*Id.* at p. 3). Therefore, in an effort to facilitate presentation of the evidence at trial, Defendant may request the Court to appoint him counsel to represent him at trial in this matter. Any such request should be made by motion on or before November 21, 2014.

### IV. CONCLUSION

Therefore, based on the foregoing, it is **ORDERED** as follows:

1. Magistrate Judge Lammens' September 18, 2014, Report and Recommendation (Doc. No. 20) is **ADOPTED**, but only to the extent consistent with this Order.

2. Plaintiff United States of America's Motion for Summary Judgment and Memorandum of Law, filed on June 27, 2014 (Doc. No. 14), is **DENIED**.

3. The Court **NOTICES TRIAL**: Bench Trial set **DATE CERTAIN** for 1/14/2015 at 11:00 AM in Ocala Courtroom 3A before Chief Judge Anne C.

---

[7] The Court also notes that while it agrees with the Magistrate Judge's conclusion that a statute of limitations defense fails against the United States, this defense could be construed as a laches defense. In the Court's research, there is no binding authority precluding the defense of laches against the United States in the student loan context. Therefore, given Defendant's *pro se* status, Defendant may still attempt to raise a laches defense at trial if he so chooses. *See, e.g., United States v. Rhodes*, 788 F. Supp. 339 (E.D. Mich. 1992) (finding that the doctrine of laches barred government's suit to recover student loan filed seventeen years after loan was allegedly due and unpaid).

Conway. No cameras or recording equipment are allowed in the building. Photo identification is required to enter the Courthouse.

4. On or before December 29, 2014, the parties **SHALL FILE** their respective Exhibit and Witness Lists. *See* Local Rules 3.06(c)(4), 3.06(c)(5), and 3.07(b).

5. The Clerk **SHALL** mail to Defendant a copy of the Clerk's approved Exhibit List form.

6. Defendant may request the Court to appoint him counsel to represent him at trial in this matter. Any such request should be made by motion on or before November 21, 2014.

**DONE** and **ORDERED** in Orlando, Florida on November 5, 2014.

```
                                           _____
                                           ANNE C. CONWAY
                                           United States District Judge
```

Copies furnished to:

Counsel of Record
Unrepresented Parties
Magistrate Judge Lammens